UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KENNETH BONSTELL,<br><br>   Plaintiff,<br><br>v.<br><br>COMMERCIAL RECOVERY SYSTEMS, INC.,<br><br>   Defendant. | ) Case No.:<br>)<br>)<br>) Hon.<br>)<br>)<br>) **Demand for Jury Trial**<br>)<br>)<br>) |

## COMPLAINT AND JURY DEMAND

Plaintiff, KENNETH BONSTELL (Plaintiff), through attorneys, KROHN & MOSS, LTD., alleges the following against Defendant, COMMERCIAL RECOVERY SYSTEMS, INC., (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Count II of Plaintiff's Complaint is based on the Michigan Occupational Code, *Mich. Comp. Law 339.901 et seq.* (MOC).

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the state of Michigan, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*, "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred…"

## PARTIES

6. Plaintiff is a natural person residing in Whitehall, Muskegon County, Michigan.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)* and *Mich. Comp. Law § 339.901(f)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)* and *Mich. Comp. Law § 339.901(a)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and *Mich. Comp. Law § 339.901(b)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a collection agency with a business office in Dallas, Texas.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant places collection calls to Plaintiff seeking and demanding payment for an alleged debt for a Citi Credit Card.

12. Defendant calls Plaintiff on his work telephone number.

13. On September 13, 2011, Defendant placed seven (7) collection calls to Plaintiff's work.

14. Plaintiff requested that Defendant stop calling his work telephone number.

15. Despite Plaintiff's request, Defendant continues to call Plaintiff on his work telephone.

16. Defendant's agent, Raymond James places calls to Plaintiff's son and leaves messages disclosing Plaintiff's debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692b(2)* of the FDCPA by disclosing Plaintiff's debt to

   Plaintiff's son.

   b. Defendant violated *§1692b(3)* of the FDCPA by communicating with Plaintiff's son more than once.

   c. Defendant violated *§1692c(b)* of the FDCPA by communicating with Plaintiff's father in connection with the collection of Plaintiff's debt.

   d. Defendant violated *§1692c(a)(3)* by contacting Plaintiff at his place of employment even though Defendant was informed that Plaintiff is not allowed to receive personal communications at work.

   e. Defendant violated *§1692d* of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt.

   f. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

WHEREFORE, Plaintiff, KENNETH BONSTELL, respectfully requests judgment be entered against Defendant, COMMERCIAL RECOVERY SYSTEMS, INC., for the following:

18. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

19. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*, and

20. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE MICHIGAN OCCUPATIONAL CODE

21. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

22. Defendant willfully violated the MOC based on the following:

    a. Defendant violated *§339.915(n)* of the MOC by using a harassing, oppressive, or abusive method to collect a debt.

WHEREFORE, Plaintiff, KENNETH BONSTELL, respectfully requests judgment be entered against Defendant, COMMERCIAL RECOVERY SYSTEMS, INC., for the following:

23. Statutory damages of $150.00 pursuant to the Michigan Occupational Code, *Mich. Comp. Law § 339.916(2)*,

24. Costs and reasonable attorneys' fees pursuant to the Michigan Occupational Code, *Mich. Comp. Law § 339.916(2)*, and

25. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, KENNETH BONSTELL, demands a jury trial in this case.

DATED:  October 12, 2011      RESPECTFULLY SUBMITTED,

      KROHN & MOSS, LTD.

      By: /s/Michael S. Agruss

      Michael S. Agruss
      CA Bar #: 259567
      Krohn & Moss, Ltd.
      10 N. Dearborn St
      3rd Floor
      Chicago, IL 60602
      Tel: (323) 988-2400  x 235
      Fax: (866) 620-2956
      magruss@consumerlawcenter.com
      Attorneys for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MICHIGAN

Plaintiff, KENNETH BONSTELL, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. § 1746(2), I, KENNETH BONSTELL hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

9-29-11
Date

_____
KENNETH BONSTELL